FILED ___ LODGED
___ RECEIVED ___ COPY
SEP 0 6 2006
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ P DEPUTY

Bernadette Connolly, Cal. Bar No. 194633 (*Pro Hac Vice Application Pending*)
LAW OFFICES OF BERNADETTE W. CONNOLLY
1671 The Alameda, Suite 303
San Jose, CA 95126
Tel.: (408) 287-0383
Fax: (408) 287-4260

Attorneys for Petitioner
Esfandiar Nikbakhsh-Tali

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| In Re:<br><br>Esfandiar Nikbakhsh-Tali<br><br>Petitioner,<br><br>v.<br><br>Thomas Long, Officer in Charge, Eloy Detention Center; Phillip Crawford, Field Officer Director; Patricia A. Vroom, District Counsel; Alberto R. Gonzales, Attorney General of the United States; Michael Chertoff, Secretary of Homeland Security<br><br>Respondents. | Case No. CV06-2121-Phx-NVW(BPV)<br><br>Immigration File No.: A20 039 482<br><br>**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. §2241**<br><br>**DETAINED** |

Petitioner, Esfandiar Nikbakhsh-Tali, through his counsel, submits this Petition for a Writ of Habeas Corpus. Petitioner's continued detention is a violation of the Due Process Clause of the U.S. Constitution, and he therefore requests a bond and release pending the determination of his appeal currently before the Ninth Circuit Court of Appeals.

**I.    JURISDICTION**

This action arises under the Constitution of the United States and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq*. This Court has jurisdiction to consider this

petition pursuant to 28 U.S.C. § 2241 and under Article I, Section 9, Clause 2 of the United States Constitution (Suspension Clause) which permits the federal courts to grant writs of habeas corpus to aliens who are in custody in violation of the Constitution or laws or treaties of the United States. Recently, the Supreme Court held that Congress did not deprive courts of jurisdiction to grant habeas relief to an alien challenging his detention when it amended INA §236(c), 8 USC §1226(c). *Demore v. Kim*, 538 U.S. 510, 516-517 (2003).

## II.  EXHAUSTION OF REMEDIES

The Petitioner has exhausted his administrative remedies to the extent required by law. He has done so by appealing the Immigration Judge's removal order to the Board of Immigration Appeals. He has appealed the Board of Immigration Appeals' removal to the Ninth Circuit. As his case is currently pending before the Ninth Circuit and may not be reviewed on direct appeal to the Ninth Circuit, the present petition for a writ of habeas corpus is his sole available remedy.

## III.  RESIDENCE AND VENUE

The Petitioner is currently detained in Eloy, Arizona at the Eloy Detention Center in Pinal County, Arizona. Venue therefore properly lies in the United States District Court for the District of Arizona, Phoenix Division. 28 U.S.C. § 1391.

## IV.  PARTIES

Petitioner, Nikbakhsh-Tali is a native and citizen of Iran. He is currently detained by the Department of Homeland Security at Eloy, Arizona.

Respondent Thomas Long is the Officer in Charge or "Warden" at Eloy Detention Center, and is therefore is the custodian for Petitioner's current detention.

Respondent Patricia A. Vroom, District Counsel, is chief counsel for the U.S. Citizenship and Immigration Services for Arizona.

Respondent Alberto R. Gonzales, Attorney General, is the appointed head of the Department of Justice. Because the final order of removal at issue in these proceedings was issued by the Board of Immigration Appeals (BIA), a delegate of the Attorney General, the Attorney General is an appropriate Respondent in the case at bar.

Respondent Michael Chertoff, Secretary of Homeland Security is the appointed head of the Department of Homeland Security, who will be responsible for enforcing the order of removal against Petitioner.

## V. NO PRIOR WRIT

No prior Petition for a Writ of Habeas Corpus has been made by the Petitioner in regard to the detention and restraint complained of herein.

## VI. BASIS OF ACTION

The basis of this action is that Petitioner's due process rights have been violated because the length of his detention exceeds constitutional limits. Petitioner has been detained since October 2004 – more than 1 ½ years in – in Eloy, Arizona. Petitioner has never had an individualized hearing on whether he poses a danger to the community or flight risk, and there has been no judicial finding that continued detention is necessary to serve some governmental interest. Petitioner's petition for review has been pending before the Ninth Circuit for more

than 1 year and he still has not received information about whether the Ninth Circuit will hear his matter. His continued detention is unconstitutional.

## VI. REQUESTED RELIEF

WHEREFORE, Petitioner respectfully requests the Court to:

Grant this Petition for Habeas Corpus and issue a Writ of Habeas Corpus directed to Respondents Thomas Long, Officer in Charge, Eloy Detention Center; Phillip Crawford, Field Officer Director; Patricia A. Vroom, District Counsel; Alberto R. Gonzales, Attorney General of the United States; Michael Chertoff, Secretary of Homeland Security.

September 5, 2006

Respectfully submitted,

*Bernadette Connolly*
Bernadette Connolly
Attorney for Petitioner
ESFANDIAR NIKBAKHSH-TALI

-4-
PETITION FOR WRIT OF HABEAS CORPUS

A20 039 482