PAUL K. CHARLTON
United States Attorney
District of Arizona

CYNTHIA M. PARSONS
Assistant U.S. Attorney
Arizona State Bar No. 13641
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Email: Cynthia.Parsons@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Esfandiar Nikbakhsh-Tali,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>Alberto R. Gonzales, et. al.,<br><br>　　　　Respondents. | CIV-06-2121-PHX-NVW (BPV)<br><br>**RESPONSE IN OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS** |

　　　　Respondents, Alberto Gonzales, et. al., through counsel, oppose the Petition for Writ of Habeas Corpus. The attached Memorandum of Points and Authorities supports this opposition.

　　　　Respectfully submitted this 9th day of January, 2007.

　　　　　　　　　　　　　　　　　　PAUL K. CHARLTON
　　　　　　　　　　　　　　　　　　United States Attorney
　　　　　　　　　　　　　　　　　　District of Arizona

　　　　　　　　　　　　　　　　　　*s/Cynthia Parsons*

　　　　　　　　　　　　　　　　　　CYNTHIA M. PARSONS
　　　　　　　　　　　　　　　　　　Assistant U.S. Attorney

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Respondents, Alberto Gonzales, et. al., through counsel, oppose the Petition. Respondent contends that 8 U.S.C. §1226 (c) governs Petitioner's detention during removal proceedings and that his detention during proceedings is constitutional. Respondent contends that the decisions in *Nadarajah v. Gonzales,* 443 F. 3d 1069 (9th Cir. 2006) and *Tijani v. Willis*, 430 F. 3d 1241 (9th Cir. 2005) are distinguishable. Respondents further contend Petitioner has neither alleged nor shown that the government is not likely to remove him in the reasonably foreseeable future and therefore, his continued detention is justified.

### FACTS

Petitioner is a 53 year old, male alien, native and citizen of Iran, whose status was adjusted to that of a lawful permanent resident on June 16, 1972, as an immigrant. **Exhibit 1 - I-181.  Exhibit 2 - Record of Deportable/Inadmissible Alien.**

On February 3, 2003, Petitioner was convicted in the California Superior Court, Santa Clara County for the offense of Inflicting Corporal Injury on a Spouse in violation of section 273.5(a) of the California Penal Code. **Exhibit 3 - Conviction and Probation documents.** Petitioner was sentenced to two years imprisonment for this offense. **Exhibit 3 - Probation documents. Exhibit 4 - Criminal History. Exhibit 5 - Additional Conviction for Violation of Protective Order.  Exhibit 6 - Statement from victim, including police report.**

On August 19, 2004, Petitioner was referred to Immigration and Customs Enforcement (ICE) by a referral from the California Department of Corrections.  ICE began processing Petitioner for a Notice to Appear pursuant to Section 240(a) of the INA. **Exhibit 2 - I-213.**

On August 25, 2004, a Notice of Custody Determination was served upon the Petitioner holding him without bond, as Petitioner is subject to mandatory detention pursuant to §236(c) of the INA. **Exhibit 8 - Notice of Custody Determination.**

On October 4, 2004, the Department of Homeland Security (DHS) issued a Notice to Appear (NTA), Form I-862, charging petitioner with removability pursuant to §237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA), for having been convicted of a crime of violence

1 and §237(a)(2)(E) of the INA for having been convicted of a crime of domestic violence.
2 **Exhibit 7 - NTA.**

3       On October 12, 2004, the Immigration Judge determined that the immigration court had
4 no jurisdiction to re-determine bond. Petitioner's request for a chance in custody status was
5 denied because Petitioner was properly held without bond pursuant to the mandatory detention
6 provisions of section 236(c) of the INA. Both parties waived appeal. **Exhibit 9 - Order of the**
7 **IJ.**

8       On October 20, 2004, Petitioner, through counsel, admitted all allegations on the NTA
9 and conceded charges of removability. **Exhibit 10 - Transcripts**. Petitioner sought withholding
10 of removal under the INA, withholding under the Convention Against Torture, and deferral of
11 removal under the Convention Against Torture. Petitioner's victim submitted an additional letter
12 to the immigration court. **Exhibit 11 - Victim Letter**.

13       On January 20, 2005, the IJ denied Petitioner's applications for withholding of removal,
14 withholding under the Convention Against Torture, and deferral of removal under the
15 Convention Against Torture and ordered Petitioner removed to Iran. **Exhibit 12 - IJ Oral**
16 **Decision.** Petitioner reserved the right to appeal.

17       On April 26, 2005, the BIA dismissed Petitioner's appeal. **Exhibit 13 - BIA decision.**

18       On May 4, 2005, Petitioner filed a Petition for Review with the U.S. Court of Appeals for
19 the Ninth Circuit. **Exhibit 14 - PFR.** On July 29, 2005, Petitioner was granted a stay of
20 removal.

21       On July 28, 2005, August 9, 2006 and August 14, 2006, DHS issued Decisions to
22 Continue Detention based the likelihood of removal, Petitioner's potential for violence, and
23 criminal history. **Exhibit 15 - Decision letters.**

24       On December 29, 2006, Petitioner filed a Motion to Dismiss his Stay of Removal with
25 the Ninth Circuit Court of Appeals. **Exhibit 16 - Ninth Circuit Docket.**

26 **ARGUMENT**
27 **THE PETITION SHOULD BE DENIED**
28 **Petitioner's Detention During Proceedings was Brief and His Current Detention is Lawful.**

Alien detention and removal is governed by a multi-layered statutory scheme. *See* 8 U.S.C. §§ 1226, 1226b, 1231, 1537. Section 1226 governs the initial apprehension and detention of aliens for the purpose of determining whether they should be removed from the United States. Detention of certain classes of aliens, notably those aliens who have committed an aggravated felony, is required by section 1226(c). *See* 8 U.S.C.§1226(c)(1)(B). If an alien is determined to be "removable" then section 1231 governs the detention, release, and removal of the alien.

Section 1231 authorizes the detention of the alien during the 90-day "removal period," which the statute assumes will be adequate in most circumstances to complete removal. It explicitly allows detention past the 90-day limit if the alien does not make a good faith effort to obtain the necessary travel documents.

However, Section 1231 does not begin to apply until the "removal period" begins. Ordinarily, the removal period begins when the order of removal becomes final. 8 U.S.C. § 1231(a)(1)(B)(i). However, if the alien appeals the order of removal and the court issues a stay, the removal period does not begin until the court issues is final order. 8 U.S.C. § 1231(a)(1)(B)(ii). The Ninth Circuit has stayed Petitioner's removal. **Exhibit 16 - Ninth Circuit Docket.** If the removal period has not yet begun, section 1231 does not yet apply and §1226 governs detention. See *Kothandaraghpathy v.Department of Homeland Security*, 396 F.Supp.2d 1104, 1107 (D.Az.2005).

In a recent decision, the Ninth Circuit addressed detention under 8 U.S.C.§1226(c). *Tijani v. Willis*, 430 F. 3d 1241 (9th Cir. 2005). In *Tijani*, the Court held that a thirty month period of detention while determining removability was not authorized by 8 USC § 1226(c). *Tijani*, 430 F.3d at 1242. The court determined that § 1226(c) only applied to expedited removal of criminal aliens, and the thirty month detention was far from expedited. *Id.* Accordingly, the Court ordered the writ granted unless *Tijani* was provided a bail hearing within sixty days. *Id.* The critical analysis in the Court's very concise opinion was:

> Despite the substantial powers that Congress may exercise in regard to aliens, it is constitutionally doubtful that Congress may authorize imprisonment of this duration for lawfully admitted resident aliens

4

> who are subject to removal. *See Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S. Ct. 2491, 150 L. Ed.2d 653 (2001). The case is distinct from *Demore v. Kim*, 538 U.S. 510, 513-514, 123 S. Ct. 1708, 155 L.Ed.2d 724 (2003), where the alien conceded deportability.

*Id.*

Petitioner's case is distinct from *Tijani* for several reasons. First, Petitioner admitted all six factual allegations and conceded both charges of removability in the Notice to Appear. **Exhibit 12 - IJ Decision at pg. 2.** The fact that the alien conceded deportability was key to the Supreme Court's determination in *Kim*, that mandatory detention under § 1226(c) was not unconstitutional. *Kim*, 538 U.S. at 531, 123 S.Ct. at 1722. Similarly, the Ninth Circuit relied on the fact that Tijani contested his removal. *Tijani*, 430 F.3d at 1242. Conversely, Petitioner admitted and conceded the allegations and charges.

Petitioner's case also has not been excessively long. The Court in *Tijani* relied, in part, on the Supreme Court ruling in *Kim*. The Supreme Court found that mandatory pre final order detention was constitutionally permissible, in part, because of a definite termination point in the proceedings. *Kim,* 538 U.S. at 529-531. The Supreme Court found that proceedings last an average of just over six months total including appeals to the BIA.

> The Executive Office for Immigration Review has calculated that, in 85% of the cases in which aliens are detained pursuant to § 1226(c), removal proceedings are completed in an average time of 47 days and a median of 30 days. . . In the remaining 15% of cases, in which the alien appeals the decision of the Immigration Judge to the Board of Immigration Appeals, appeals take an average of four months, with a median time that is slightly shorter.

*Kim,* 538 U.S. at 530-531.

Proceedings begin with the filing of the NTA with the Immigration Court and end when the BIA issues a decision (earlier if there is no appeal to the BIA). *Armendariz-Montoya v. Sonchik*, 291 F. 3d 1116, 1121 (9th Cir. 2002) cert. denied, 539 U.S. 902(2003) (proceedings commence when charging document is filed with the immigration court); 8 U.S.C. § 1101(a)(47)(A)(i); 8 C.F.R. § 1003.39. By definition, administrative proceedings must end before an alien can file a PFR with the Court of Appeals. 8 U.S.C. § 1252(b), (d)( court of appeals have jurisdiction to review *final* orders of removal); 8 U.S.C. § 1101(a)(47)(B)(i)( order of removal final when BIA issues decision or time to appeal expires).

In this case, the government filed the NTA on October 4, 2004. **Exhibit 7 - NTA.** The Immigration Judge decided the case on January 20, 2005. **Exhibit 12 - IJ Order.** On April 26, 2005, the BIA affirmed the IJ decision. **Exhibit 13 - BIA Decision.** The total time of petitioner's detention, *during proceedings*, is under seven months.

Other distinctions exist. *Tijani* had one conviction. *Tijani,* 430 F. 3d at 1243. Conversely, Petitioner has multiple convictions. **Exhibits 2, 4-8 .** The proceedings in *Tijani* lasted one year. *Tijani,* 430 F. 3d at 1250 n.1( Callahan, J. dissenting). Petitioner's detention during proceedings lasted just over six months.

Even if *Tijani* applies, it holds only that the alien should be given a hearing, not released. In *Tijani* the court decided:

> We remand to the district court with directions to grant the writ unless the government within 60 days of this order provides a hearing to Tijani before an Immigration Judge with the power to grant him bail unless the government establishes that he is a flight risk or will be a danger to the community.

*Tijani*, 430 F. 3d at 1242

Petitioner's case also is distinguishable from that of *Nadarajah v. Gonzales*, 443 F. 3d 1069 (9th Cir. 2006). In *Nadarajah*, a non-criminal alien was held in detention for five years. During this time the IJ granted relief, and the BIA affirmed on more than one occasion. *Id.* at 1073-1075. The government sought his continued detention because the alien was a national security risk. *Id.* at 1077. In this case, petitioner, a *criminal* alien, has been held in detention for slightly over two years (less than seven months *during proceedings*) has never been granted relief, and petitioner sought the stay of his removal thus preventing the beginning of the removal period. Petitioner, although a criminal alien, is not known to respondent's counsel to pose any national security risks. [1]

An alien's own lawful, self-initiated litigation which has the collateral consequence of prolonging his detention, extends the removal period. ***Doherty v. Thornburg***, 943 F.2d 204,

---

[1] The decision in *Zadvydas v. Davis,* 533 U.S. 678 (2001), also does not apply because that case addresses detention under § 1231, a section of the statute not at issue in this case. The United States can and does remove aliens to Iran. See the Department of Homeland Security's ( D H S )   2 0 0 4   I m m i g r a t i o n   S t a t i s t i c s   Y e a r b o o k   a t http://uscis.gov/graphics/shared/statistics/yearbook/Yearbook2004.pdf

1 211 (2nd Cir. 1991). In ***Doherty***, the Second Circuit noted that petitioner's successful exercise
2 of his rights to litigate various issues regarding his deportation had the collateral effect of
3 prolonging his detention. The court, however, rejected the notion that his permissible litigation
4 strategy which resulted in a prolonged detention somehow violated the alien's due process rights
5 when he was not released. In other words, an alien who exercises even lawful rights to engage
6 in litigation cannot then bootstrap a right to release from detention as a result. Petitioner is not
7 forced to give up his right to pursue his habeas or his appeal; rather, he is only prevented from
8 doing so while free from physical restraint. The government has demonstrated its ability to
9 remove petitioner to his home country. Petitioner cannot bootstrap his stay of removal into a
10 release from detention.

11     For the forgoing reasons, Respondents ask this court to deny the petition and dismiss the
12 case with prejudice.

## II. CONCLUSION

14     For these reasons, the Petition For Writ of Habeas Corpus should be denied.
15     Respectfully submitted this 9th day of January, 2007.

PAUL K. CHARLTON
United States Attorney
District of Arizona

*s/Cynthia Parsons*

CYNTHIA M. PARSONS
Assistant U.S. Attorney

# CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2007, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and mailed a copy of the Motion and Notice of Electronic Filing to the following non-CM/ECF registrants:

Bernadette Connolly
1671 The Alameda, Suite 303
San Jose, CA 95126


*s/Cynthia Parsons*
_____
Office of the U.S. Attorney