IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ESFANDIAR NIKBAKHSH-TALI, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> ALBERTO R. GONZALES, et al., ) <br> ) <br> Respondents. ) <br> ) | No.  CV 06-2121-PHX-NVW (BPV) <br><br> **REPORT AND RECOMMENDATION** |

  On September 6, 2006, Esfandiar Nikbakhsh-Tali, ("Petitioner"), currently confined in the Eloy Detention Center in Eloy, Arizona, filed a Petition for Writ of Habeas Corpus by A Person in Federal Custody ("Petition"), pursuant to Title 28, U.S.C. § 2241. (Doc. No. 1)  Respondents' Answer with 16 exhibits was filed on January 23, 2007. (Doc. No. 19)  No reply was filed.

  Pursuant to the Rules of Practice of this Court, on September 12, 2006, this matter was referred to the undersigned Magistrate Judge for a Report and Recommendation.  For the following reasons, the Magistrate Judge recommends that the District Court deny Petitioner's Petition for Writ of Habeas Corpus.

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner is a citizen and native of Iran. (Ex. 1.)[1] On June 16, 1972, Petitioner's status was adjusted to that of a lawful permanent resident pursuant to Section 245 of the Immigration and National Act ("INA"), 8 U.S.C. § 1255. (Id.)

On February 5, 2003, Petitioner was convicted in the California Superior Court, Santa Clara County, upon entry of a guilty plea, of one count of Inflicting Corporal Injury on Spouse/CoHabitant/Former Spouse or Fiancee, in violation of California Penal Code § 273.5(a). (Ex. 3.) On December 3, 2003, after violation of probation, Petitioner was sentenced to two years of imprisonment in the California Department of Corrections ("CDC"). (Id.)

On August 19, 2004, Petitioner was referred to Immigration and Customs Enforcement ("ICE") from the California Department of Corrections ("CDC"). (Ex. 2). On or about October 4, 2004, the United States served Petitioner with a Notice to Appear in removal proceedings, charging Petitioner as subject to removal pursuant to: (1) section 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii), in that he, at any time after admission, was convicted of an aggravated felony as defined in section 101(a)(43)(F) of the INA; and (2) section 237(a)(2)(E)(i) of the INA, 8 U.S.C. § 1227(a)(2)(E)(i), in that he, at any time after entry, was convicted of a crime of domestic violence, a crime of stalking, or a crime of child abuse, child neglect, or child abandonment. (Ex. 7.)

On October 4, 2004, Petitioner was served a Notice of Custody Determination, informing him that pursuant to section 236 of the INA, and 8 C.F.R. part 236, the reviewing officer had determined that Petitioner was to be detained pending a final

---

[1] All exhibit numbers in this Report and Recommendation are references to the exhibits attached to Respondents' "Response in Opposition to Petition for Writ of Habeas Corpus."

determination of removal by the immigration judge ("IJ") in his case. (Ex. 8.) Petitioner requested a redetermination of the custody decision by an IJ. (Id.)

On October 12, 2004, the IJ considered Petitioner's request for a change in custody status and entered a form order, checking the box that the IJ had "[n]o Jurisdiction pursuant to 236 of the" INA. (Ex. 9.)

On October 20, 2004, Petitioner, represented by counsel, appeared before an IJ for a removal hearing. (Ex. 10, p.1) Petitioner admitted the factual allegations and charges of removability and the IJ found Petitioner subject to removal as charged. (Id, p.2.) Petitioner declined to designate a country of removal, expressing a fear of return to Iran. (Id., p.3.) Petitioner moved to apply for withholding of removal and for relief under the Convention Against Torture ("CAT"). (Id.) Petitioner's removal hearing, after a short continuance due to a medical emergency and subsequent substitution of counsel, was set for November 24, 2004. (Id., p.7, 9, 21.) It was continued at that time due to the late submission of filings and insufficient time on the court's calendar to complete the hearing. (Id., p.7, 9, 21.) The IJ entered his decision on January 20, 2005; ordered Petitioner removed to Iran; denied Petitioner's application for Asylum; denied Petitioner's application for withholding of removal; and denied Petitioner's application for deferral of removal under CAT. (Ex. 12.)

The Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal on April 26, 2005.[2] (Ex. 13.) Petitioner filed a Petition for Review and Request for Stay of Removal with the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") on May 4, 2005. (Ex. 14.) On that same date, the Ninth Circuit granted Petitioner a temporary stay of removal pending further briefing. *See Nikbakhsh-Tali v. Gonzales*, No. 05-72621.

---

[2] Petitioner's appeal to the BIA is not included in the record submitted to this Court, but a review of the decision of the BIA indicates that he did not challenge his previous concession of removability.

-3-

Because of Petitioner's mother's failing health, Petitioner made several requests to either be released, or to be relocated at a detention center closer to his family so that his parents could visit him.  (See Doc. No. 6, Declaration of Bernadette W. Connolly and attached exhibits.)  These requests were denied.

On August 3, 2005, Petitioner was served with a letter entitled "Decision to Continue Detention."  (Ex. 15.)  The letter informed Petitioner that his custody status had been reviewed, that Petitioner had not demonstrated to the satisfaction of the Attorney General that he would not pose a flight risk or be a threat to society, and, therefore, Petitioner would not be released from custody.  (Id.)

Petitioner was apparently given a temporary jail pass in July 2006 to visit his mother who passed away a few days after his visit.  (Doc. No. 6.)[3]  Petitioner's request to attend his mother's funeral was denied.  (Id.)

A second "Decision to Continue Detention," decided pursuant to 8 C.F.R. § 241.4(d)(1), reaching the same conclusion as the first, was served on Petitioner on August 18, 2006.  (Ex. 15, Doc. No. 6)

On September 6, 2006, the Petitioner filed the instant Petition.

On December 29, 2006, Petitioner filed a Motion to Dismiss his Stay of Removal with the Ninth Circuit.  (Ex. 16.)  The docket from the Ninth Circuit indicates that "Pet's [sic] motion to dismiss stay of removal is construed as a motion to withdraw the previously filed mtn [sic] for stay of removal pending review.  So construed, the motion is granted.  Pet's [sic] motion for stay of removal is withdrawn.

---

[3]Counsel for Petitioner submitted a declaration (Doc. No. 6) with references to attached exhibits.  The attached exhibits, however, do not have exhibit numbers, and some of the exhibits, for example Exhibit G, do not seem to be included in the exhibit.  Petitioner's factual assertions are essentially the same as Respondents, and, to the extent Petitioner has included additional factual background not contained in his attached exhibits it is either not legally relevant, and/or Respondents do not challenge the facts alleged.

-4-

The court's 7/29/06 order is vacated. The temp [sic] stay of removal and if applicable, the vol [sic] dep [sic] is no longer in effect." *See Nikbakhsh-Tali v. Gonzales*, No. 05-72621, Docket Entry January 17, 2007.

On May 10, 2007, this Court entered an order to show cause why Petitioner's federal habeas petition should not be dismissed in light of the Ninth Circuit's January 17, 2007 order withdrawing the temporary stay of removal and the conclusion reached by this Court that Petitioner has entered the "removal period" under 8 U.S.C. § 1231 and has not exceeded the presumptively reasonable period of detention. (Doc. No. 20.)

On May 25, 2007, Petitioner filed a response to the order to show cause.[4] (Doc. No. 21.)

**DISCUSSION**

**Petitioner's Arguments**

Petitioner argues that he has never had an individualized hearing on whether he poses a danger to the community or a flight risk and there has been no judicial finding that his continued detention is necessary to serve some governmental purpose. Petitioner asserts that his continued detention is unconstitutional. Further, Petitioner argues that since his stay of removal is no longer in effect, an additional ninety days to effect removal is not a reasonable period of time to detain him when his detention has already exceeded constitutional limits. Petitioner does not know what, if any, efforts the Government has made to effectuate his removal.

**Respondents' Arguments**

Respondents contend that 8 U.S.C. § 1226(c) governs Petitioner's detention

---

[4] A second response was filed on May 30, 2007 to correct a filing deficiency. The Court finds the Response timely filed.

-5-

during removal proceedings and that his detention during proceedings is constitutional. Respondents contend that cases relied upon by Petitioner are distinguishable. Respondents further contend that Petitioner has neither alleged nor shown that the government is unlikely to remove him in the reasonably foreseeable future and thus his continued detention is justified.[5]

**Jurisdiction**

The federal habeas corpus statute grants District Courts the power to issue habeas corpus relief where the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Specifically, the Supreme Court has held that Section 2241 confers jurisdiction upon the federal courts to consider cases involving statutory and constitutional challenges to both pre- and post-removal detention of aliens in deportation proceedings. *See Demore v. Kim*, 538 U.S. 510 (2003); *Zadvydas v. Davis*, 533 U.S. 678 (2001).

**Removal Period**

Petitioner is subject to an administratively final order of removal. See 8 U.S.C. § 1101(a)(47)(B)(defining final order of deportation).[6]

The apprehension, detention and release of aliens in pending administrative proceedings is governed by 8 U.S.C. § 1226(c). *Kim,* 538 U.S. 510. Once an alien becomes subject to a final order of removal, like Petitioner herein, his detention and release are governed by 8 U.S.C. § 1231(a). *Id.; Zadvydas,* 533 U.S. at 683 (referring

---

[5]Respondents were not provided opportunity to respond to the Petitioner's response to the Order to Show Cause. Respondents may address any issues raised in the Order to Show Cause and Petitioner's response in the objections following this Report and Recommendation.

[6]When Petitioner filed the instant Petition, he was not subject to a final order of removal in light of the Ninth Circuit's entry of the temporary stay of removal. When such stay was withdrawn, Petitioner became subject to an administratively final order of removal.

to section 1231 as the "post-removal-period detention statute").  Section 1231(a)(1) provides in pertinent part:

>   (A) In general
>
>   Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").
>
>   (B) Beginning of period
>
>   The removal period begins on the latest of the following:
>
>   (i)     The date the order of removal becomes administratively final.
>   (ii)    If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>   (iii)   If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(A)-(B).

Although Petitioner was subject to an administratively final order of removal when he filed the instant habeas Petition, the "removal period" had not yet begun because his removal order was then currently on appeal to the Ninth Circuit and that court had stayed Petitioner's removal.  8 U.S.C. § 1231(a)(1)(B)(ii).

On January 17, 2007, the Ninth Circuit lifted the temporary stay of Petitioner's removal.  Given that the temporary stay of removal is no longer in effect, this Court concludes, and Petitioner does not contest, that he is now in the "removal period." (Petitioner's Response to Order to Show Cause, p. 4 (Doc. No. 23)).

Once the 90-day removal period under section 1231 commences, an alien, who is deportable under section 1227(a)(2), is subject to statutory mandatory detention until deported.  8 U.S.C. § 1231(a)(2)); *see also Zadvydas,* 533 U.S. 678. Administrative removal proceedings having concluded and an administratively final order of removal having been entered, Petitioner no longer has a habeas remedy available to him for alleged unlawful detention under section 1226(c).  *Diaz v. Gonzalez,* 2007 WL 1188192 (D.Ariz. April 20, 2002); *see also Zadvydas,* 533 U.S.

-7-

1 678 (section 1231 governs detention after an alien becomes subject to an
2 administratively final order of removal).

3 Detention for more than 90 days pending removal is clearly authorized,
4 without statutory limit as to how long the alien may be detained. *See* 8 U.S.C. §
5 1231(a)(1)(A). However, as discussed below, case law finds implicit constitutional
6 limits in certain circumstances. *See* 8 U.S.C. § 1231(a)(6).

7 Interpreting 8 U.S.C. §1231(a)(6), the U. S. Supreme Court has held that
8 indefinite detention is unconstitutional. *Zadvydas*, 533 U.S. at 701. That Court
9 further held that the presumptive limit to the reasonable duration of detention under
10 section 1231 is six months: "[a]fter this six-month period, once the alien provides
11 good reason to believe that there is no significant likelihood of removal in the
12 reasonably foreseeable future, the Government must respond with evidence sufficient
13 to rebut that showing. And for detention to remain reasonable, as the period of prior
14 postremoval confinement grows, what counts as the 'reasonably foreseeable future'
15 conversely would have to shrink." *Id.*

16 Petitioner argues that his detention has already exceeded a reasonable length
17 of detention under *Kim*. However, *Kim* is distinguishable, not only on the pre-
18 removal statute, section 1226(c), which the Court was interpreting, but on the due
19 process analysis a court must undertake to determine when detention no longer bears
20 a reasonable relation to the purpose for which the individual was detained. Detention
21 during removal proceedings, *i.e.* prior to a final order of removal, serves the purpose
22 of preventing deportable criminal aliens from fleeing prior to or during their removal
23 proceedings, thus increasing the chance that the aliens will be successfully removed
24 if removal is ordered. *Kim,* 538 U.S. at 528. Although detention of aliens subject to
25 a final order of removal serves the similar purpose of ensuring that the alien does not
26 flee prior to removal, that detention "no longer bears a reasonable relation" to such
27 purpose when removal is not practically attainable. *Id.* at 527. Thus, when Petitioner
28

-8-

1 entered the removal period, his detention was no longer governed by section 1226(c)
2 and the due process considerations under *Kim* have now become inapplicable.
3 Instead, *Zadvydas* now controls the analysis herein.

4     Petitioner's detention during the removal period has not exceeded the
5 presumptively reasonable period identified by the *Zadvydas* Court and Petitioner has
6 not met his burden of showing that there is no significant likelihood of removal in the
7 reasonably foreseeable future. *See Zadvydas,* 533 U.S. at 701. Therefore, Petitioner's
8 Petition must be denied.

### RECOMMENDATION

10     For the foregoing reasons, the Magistrate Judge recommends that the District
11 Court deny Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1).

12     Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections
13 within ten days after being served with a copy of this Report and Recommendation.
14 A party may respond to another party's objections within ten days after being served
15 with a copy thereof. Fed.R.Civ.P. 72(b). If objections are filed, the parties should
16 use the following case number: **CV 06-2121-PHX-NVW.**

17     If objections are not timely filed, then the parties' right to *de novo* review by
18 the District Court may be deemed waived. *See United States v. Reyna-Tapia,* 328
19 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

20     DATED this 4th day of June, 2007.

        *[signature]*

    for    BERNARDO P. VELASCO
           United States Magistrate Judge